UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STURLEE BROWN III,

               Petitioner,

vs.                               Case No. 2:06-cv-559-FtM-33DNF

UNITED STATES OF AMERICA,

               Respondent.
_____/

**ORDER**

    This matter comes before the Court sua sponte. On October 16, 2006, Brown filed a motion under 28 U.S.C. § 2255 challenging his incarceration. (Doc. # 1.) Brown alleged, inter alia, that he was ineffectively assisted by counsel in his criminal case, Roy W. Foxall, Esq. (Doc. # 1, at 4.) Specifically, Brown averred that he "on several occasion requested counsel to file an appeal and counsel did not do as [Brown] requested" (Doc. # 1, at 3), and that he "contect Counsel twice about filing an appeal" (Doc. # 1, at 4). The government filed a response on December 18, 2006, conceding Brown's claim of ineffective assistance of counsel. The Court must make further inquiry into Brown's claim notwithstanding that the government does not oppose the claim. See Sosa v. United States, 550 F.2d 244, 250 (5th Cir. 1977).

    In order to succeed on a claim of ineffective assistance of counsel, a petitioner must establish two elements. First, the petitioner must "prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler v. United

States, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)).  Second, the petitioner must prove that counsel's "deficient performance prejudiced the defense."  Strickland v. Wash., 466 U.S. 668, 687 (1984).

These two elements are more easily met where the petitioner alleges that counsel failed to file an appeal despite the petitioner's request.  The U.S. Supreme Court has held that an attorney's failure to comply with a request to file an appeal is unreasonable.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  And prejudice, the second element of an ineffective assistance claim, is likewise established by the allegation itself.  Prejudice is presumed where counsel fails to file a requested notice of appeal.  Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005); Martin v. United States, 81 F.3d 1083 (11th Cir. 1996).  In such cases, the petitioner need only prove by a preponderance of the evidence that the petitioner directed his attorney to file an appeal and the attorney failed to do so.  This is such a case.  Thus, Brown will be entitled to relief upon proving that he directed his former attorney failed to file an appeal after being requested to do so.

There is only one question in this case:  As a matter of fact, did Brown direct his attorney to file an appeal?  To aid it in finding the answer to this question, the Court requires testimony from Brown's former attorney.  Under Rule 7 of the Rules Governing

§ 2255 Proceedings, "the judge may direct the parties to expand the record by submitting additional materials relating to the motion." Fed. R. § 2255 P. 7(a). This Rule further provides that the Court may require affidavits and "answers under oath to written interrogatories propounded by the judge." Fed. R. § 2255 P. 7(b). The Supreme Court has said this language gives courts the authority to expand "the record to include any appropriate materials that enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." Blackledge v. Allison, 431 U.S. 63, 82 (1977) (internal quotation marks omitted) (discussing identical language in Rule 7 of Rules Governing § 2254 Proceedings). The Court can require this evidence directly from Brown's former attorney. Fed. R. § 2255 P. 7 advisory committee's note ("Revised Rule 7(a) is not intended to restrict the court's authority to expand the record through means other than requiring the parties themselves to provide the information." ); see also Blackledge v. Allison, 431 U.S. 63, 82 n.25 (1977) ("[B]efore dismissing facially adequate allegations short of an evidentiary hearing, ordinarily a district judge should seek as a minimum to obtain affidavits <u>from all persons likely to have firsthand knowledge</u>" of the matter. (emphasis added)). Thus, the Court directs Brown's former attorney to provide his answer to the question in this case: Did Brown direct his former attorney to file an appeal? The Court further

directs the government to file an affidavit describing any relevant knowledge it has on this issue.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Brown's former attorney, Roy W. Foxall, Esq., is directed to provide a complete answer under oath to the following interrogatory: Did Brown direct you to file an appeal in his criminal case, case number 2:05-cr-79-FtM-33DNF?

2. The government is directed to serve a copy of this Order on Brown's former attorney, Roy W. Foxall, Esq.

3. The government is further directed to file in this case an affidavit describing any information in the government's possession relevant to the question of whether Brown directed his former attorney, Roy W. Foxall, Esq., to file an appeal in Brown's criminal case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>19th</u> day of March 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Parties and Counsel of Record
          Roy W. Foxall, Esq.

4