```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

STURLEE BROWN III,

        Petitioner,

vs.

                                  Case No: 2:06-cv-559-FtM-33DNF
                                         2:05-cr-079-FtM-33DNF

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

This cause comes before the Court pursuant to Petitioner Sturlee Brown III's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. cv-1; Doc. cr-47) and accompanying Memorandum of Law (Doc. cv-2), both filed on November 15, 2007. After a thorough review of the record, including numerous memoranda submitted by the parties and testimony from the evidentiary hearing, the Court grants Petitioner Brown an opportunity to file a belated appeal.

**I.   Background**

On November 10, 2005, Brown pled guilty, pursuant to a written plea agreement, to a charge of possession with intent to distribute five grams or more of cocaine base, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). (Doc. cr-44.) The Court sentenced Brown to 188 months imprisonment on February 9, 2006 (Doc. cr-43, 44), and entered a judgment so reflecting on

February 14, 2006 (Doc. cr-44). Brown did not appeal either the conviction or the sentence.

On October 16, 2006, Brown filed a timely pro se motion to vacate, set aside or correct his allegedly illegal sentence raising the following four grounds: (1) that counsel was ineffective in failing to file a notice of appeal; (2) that the Court abused its discretion in failing to notice a potential conflict of interest; (3) that the imposed sentence violated Petitioner's Fifth and Sixth Amendment constitutional rights; and (4) that the Court erred in finding Petitioner a career offender. (Doc. cv-1 at 4-8.) The Government filed its initial response on December 18, 2006 and agreed that Brown's motion should be granted as to his claim that counsel was ineffective for failing to file a notice of appeal. (Doc. cv-7 at 4.)

On April 27, 2007, the Court held an evidentiary hearing on the issue of trial counsel's ineffectiveness in failing to file a notice of appeal.[1] (Doc. cv-15, 18.) After granting Brown's motion for a second evidentiary hearing (Doc. cv-21), the Court held another hearing on October 26, 2007 on all issues (Doc. cv-25, 26).[2] Following the second evidentiary hearing, the Government

---

[1] See Morse v. United States, No. 6:06-cv-36, 2006 U.S. Dist. LEXIS 72677, at *13 (M.D. Fla. Oct. 5, 2006) ("[A]n evidentiary hearing must be held to determine . . . whether Petitioner requested counsel to file a direct appeal . . . .").

[2] Although Brown was unrepresented at the first evidentiary hearing, Brown was represented by Court-appointed counsel at the second evidentiary hearing. (Doc. cv-17-18.)

filed a supplemental response on March 3, 2008, wherein it noted that the Court's ruling on the issue of ineffective assistance of counsel would turn on the credibility of the witnesses. (Doc. cv-29.) Petitioner then filed a second memorandum in support of his motion to vacate on April 9, 2008. (Doc. cv-30.)

**II. Analysis**

Brown claims his trial counsel was ineffective when counsel failed to timely file a notice of appeal. (Doc. cv-30 at 2.) Specifically, Brown asserts that he "personally instructed his attorney to file the appeal, and that his counsel failed to adequately consult with him about his appellate rights." (Doc. cv-30 at 2-3.) Roy Foxall, Brown's trial counsel, asserts Brown never asked him to file an appeal, and that he would have filed an appeal had Brown so requested. (Doc. cv-26 at 15:14-15; 48:11-12.) In its supplemental response, the Government states the "Court's ruling . . . will depend upon how the Court credits the testimony of Petitioner vis a vis that of Mr. Foxall [trial counsel]." (Doc. cv-29 at 8.) Although the Court does not find that trial counsel was ineffective, the Court will, in the interest of justice, permit Brown to file a belated appeal for the reasons that follow.

The Sixth Amendment guarantee of effective assistance of counsel is denied when counsel's objectively unreasonable performance prejudices the defendant. <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003). In order to prevail on a claim of ineffective

assistance of counsel, the petitioner bears the burden of establishing two elements, 1) trial counsel's unreasonable conduct and 2) prejudice.

First, the petitioner must "prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Proof of this first element requires the petitioner to overcome the strong presumption that counsel performed sufficiently. Id. at 1314. However, when counsel disregards the defendant's specific instructions to file a notice of appeal, the Supreme Court has found such conduct to be "professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 476 (2000). Moreover, counsel's failure to inquire of the defendant as to whether the defendant wishes to file an appeal can also constitute professionally unreasonable conduct in certain circumstances. Under Roe v. Flores-Ortega,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Devine v. United States, 520 F.3d 1286, 1288 (11th Cir. 2008) (quoting Roe, 528 U.S. at 470). Counsel consults with the client by "advising the defendant about the advantages and disadvantages

of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe, 528 U.S. at 478.

Second, the petitioner must also prove that counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. A petitioner proves prejudice by showing that "counsel's constitutionally deficient performance deprive[d] . . . defendant of an appeal that he otherwise would have taken." Roe, 528 U.S. at 484. When the record evidence supports a finding that petitioner reasonably demonstrated to counsel an interest in appealing, prejudice is generally presumed, absent evidence to the contrary. See Thomson v. United States, 504 F.3d 1203, 1208 (11th Cir. 2007) (presuming prejudice when the evidence showed that defendant reasonably demonstrated to counsel an interest in appealing his conviction). As such, Brown would be entitled to relief should he prove, by a preponderance of evidence, that he reasonably demonstrated to trial counsel his interest in filing an appeal.

Based on testimony at the October 26, 2007, evidentiary hearing, the Court finds the record inconclusive as to whether Brown reasonably demonstrated an interest in filing an appeal to Roy Foxall, so that Foxall had a constitutionally-imposed duty to consult Brown about filing an appeal.

Foxall testified that he briefly discussed with Brown his opinion that Brown had no grounds for appeal at the end of Brown's

sentencing. (Doc. cv-26 at 13:2-6.) Foxall then sent Brown a letter confirming this conversation. (Doc. cv-26 at 50:10-12.) Afterwards, Brown's wife contacted Foxall on two different occasions where she 1) informed Foxall of Brown's questions and issues regarding his conviction and 2) delivered to Foxall information Brown thought supported grounds for an appeal. (Doc. cv-26 at 49:24-50:9; 16:25-18:14.) Although Foxall reviewed this information, he maintained the opinion that Brown had no grounds for an appeal and closed the file after sending Brown a final letter reflecting his conclusions. (Doc. cv-26 at 19:9-18.)

In addition, Brown testified that during the ten-day appeal period, he made numerous collect calls to Foxall's office. (Doc. cv-26 at 93:1-10.) But Foxall testified he did not interpret Brown's communications as wanting to file an appeal. Instead, Foxall interpreted the communications as merely inquiring as to whether there were grounds for an appeal. (Doc. cv-26 at 49:19-21.) According to Foxall, had Brown directed him to file an appeal, he would have done so. (Doc. cv-26 at 48:11-12.) Thus, despite Brown's efforts to contact Foxall, the Court does not find that Brown "reasonably demonstrated to counsel that he was interested in appealing" so that Foxall had a constitutionally-imposed duty to consult with Brown about an appeal. See Devine v. United States, 520 F.3d at 1288. As such, the Court cannot find that Foxall was ineffective.

Nonetheless, the testimony of Russell Rosenthal, Brown's initial public defender who withdrew because of a professional conflict of interest, tips the scales in favor of granting Brown a belated appeal. Rosenthal testified at the hearing that Brown called him and specifically expressed an interest in filing an appeal. (Doc. cv-26 at 81:16-20.) This testimony combined with other evidence of Brown's efforts to contact Foxall, though insufficient to prove Foxall was ineffective, compel the granting of a belated appeal in the interest of justice.

**III. Conclusion**

In conclusion, the Court does not find that Roy Foxall provided ineffective assistance of counsel. However, Rosenthal's testimony combined with other evidence of Brown's efforts to contact Foxall compel the Court to grant Petitioner Sturlee Brown III a belated appeal in the interest of justice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1) Petitioner Sturlee Brown III's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. cv-1; Doc. cr-47) is **GRANTED** on ground one for the purpose of filing an appeal. Grounds two, three, and four are stayed and held in abeyance until the appeal is final.

2) The clerk is directed to vacate the judgment entered in criminal case 2:05-cr-79-FtM-33NDF on February 14, 2006, and to

enter the identical judgment in that case on the date of this order. See <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000).

3) Petitioner Sturlee Brown III is entitled to appeal to the extent permitted by the plea agreement.

4) The time for filing a Notice of Appeal from the re-imposed sentence is 10 days from the date of the entry of the judgment. <u>See</u> Rule 4(b)(1)(A)(I), Rules of Appellate Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>11th</u> day of September, 2008.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record
Petitioner Sturlee Brown III